[Cite as *State v. Hill*, 2019-Ohio-4378.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-19-1016

       Appellee                                        Trial Court No. CR0201801617

v.

Terrence Hill                                           **DECISION AND JUDGMENT**

       Appellant                                        Decided:  October 25, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, Terrence Hill, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to four years in prison for one count of felonious assault and one count of aggravated robbery.  Finding no error in the proceedings below, we affirm.

## A. Facts and Procedural Background

{¶ 2} On April 10, 2018, appellant was indicted on one count of attempted murder in violation of R.C. 2903.02(A), 2923.02, and 2929.02, a felony of the first degree, one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), a felony of the first degree. Appellant entered a plea of not guilty to the foregoing charges at his arraignment on April 17, 2018. Thereafter, the matter proceeded through discovery and plea negotiations.

{¶ 3} On October 16, 2018, appellant appeared before the trial court for a change of plea hearing. At the hearing, appellant entered a plea of no contest to the felonious assault and aggravated robbery counts. In exchange for appellant's plea, the state agreed to dismiss the charge for attempted murder at sentencing.

{¶ 4} Following a Crim.R. 11 colloquy, the state articulated the facts relating to the charges contained in the indictment, as follows:

> Your Honor, specifically the evidence in this case would have shown that on March 29, 2018, in the early morning hours, the defendant as well as his co-defendants in this case contacted the involved victim through Backpage which is commonly used by prostitutes trying to obtain, employ services of individuals who are willing to pay for intercourse.

> It was the plan of these individuals to bring the victim to the apartment and rob him of his money.

2.

Your Honor, on the 29th of March, 2018, the victim then did in fact communicate with one of the co-defendants on Backpage and did respond to the address of 4870 South Village Drive, Apartment 2, here in Lucas County, Ohio.

At that time, the victim began to engage in intercourse with one of the involved co-defendants. At that time, Defendant Hill as well as Defendant Haas entered the bedroom where that was taking place and began to demand money from the victim and began assaulting him.

The victim did resist and began fighting. During the interaction then the evidence would have shown that Defendant Hill took a knife and sliced the victim across the abdomen. The victim was able to flee the apartment leaving behind his belongings, including quite a large sum of money.

He then fled into the parking lot of the apartment complex where neighbors found him naked and bleeding and they contacted the authorities to respond. Several of the defendants in this case were eventually interviewed and implicated Mr. Hill as the individual who used the weapon and sliced the victim's stomach in this case causing the serious physical harm.

{¶ 5} Thereafter, the trial court accepted appellant's no contest plea and found him guilty of felonious assault and aggravated robbery. The court ordered the preparation of a presentence investigation report and continued the matter for sentencing.

3.

{¶ 6} Appellant's sentencing hearing was held on January 8, 2019. At the sentencing hearing, defense counsel requested a lenient sentence after informing the court that appellant was only 18 years old at the time of the offense and had only one prior misdemeanor on his record. Defense counsel went on to assert that appellant stabbed the victim in this case because he saw the victim choking Haas, his uncle. Counsel insisted that appellant "did not have the knowledge that this was a planned robbery that had been set up. [Appellant] went in, saw a situation that involved his uncle and he was trying to help his uncle."

{¶ 7} Following counsel's statements, appellant addressed the court and stated remorse for his actions, describing them as a "lapse in judgment." The state provided no statement to the court.

{¶ 8} Thereafter, the court indicated its consideration of the principles and purposes of sentencing under R.C. 2929.11, as well as its balancing of the seriousness and recidivism factors under R.C. 2929.12. The court went on to recognize defense counsel's "very passionate argument on behalf of his client." At that point, the victim expressed a desire to be heard. In his brief statement to the court, the victim agreed with appellant's claim that he was merely helping his uncle and was unaware of the underlying robbery scheme.

{¶ 9} Following the victim's statement, the court expressed compassion for appellant's situation, but noted that appellant's offenses were serious, having caused the victim "substantial psychological and physical harm as well as financial harm." Given

4.

the violent nature of the offenses, the trial court found that appellant poses a threat to the community. The court also found that the statements in mitigation did not rebut the applicable statutory presumption of a prison sanction. Consequently, the trial court imposed a prison sentence of four years for the charge of felonious assault, as well as four years for the charge of aggravated robbery. The trial court noted that it would follow the recommendation of the state and impose those prison sentences concurrently.

{¶ 10} After notifying appellant of his firearms and postrelease control obligations, the court asked defense counsel whether there was a challenge to appellant's ability to pay financial sanctions, to which defense counsel replied in the negative. As a result, the trial court ordered appellant to pay the costs of prosecution, supervision, appointed counsel, and confinement. The court specifically found that appellant "has or may be reasonably expected to have the means to pay all or part of the applicable court-appointed counsel fees and costs of confinement." Additionally, the court ordered appellant to pay restitution in the amount of $9,469.03. Following the court's dismissal of the attempted murder charge, the sentencing hearing concluded.

{¶ 11} Appellant now timely appeals.

### Assignments of Error

{¶ 12} On appeal, appellant sets forth the following assignments of error:

I. The trial court abused its discretion at sentencing, by failing to impose the minimum sanctions in accordance with R.C. 2929.11.

5.

II.  The trial court abused its discretion at sentencing, by failing to access all of the factors in accordance with R.C. 2929.12.

III.  The trial court abused its discretion in sentencing, by sentencing in a manner that was clearly and convincingly contrary to Ohio law.

## II.  Analysis

{¶ 13} In his first assignment of error, appellant argues that the trial court failed to impose the minimum sanction that would accomplish the principles and purposes of sentencing set forth in R.C. 2929.11.  Relatedly, appellant argues in his second assignment of error that the trial court failed to consider all of the seriousness and recidivism factors under R.C. 2929.12.  In his third assignment of error, appellant incorporates his arguments from his first two assignments of error, and asserts that his sentence was contrary to law.  As all of these arguments are related, we will address them together.

{¶ 14} The review of felony sentences is governed under R.C. 2953.08(G)(2).  Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

6.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

>    (b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 15}** A trial court that sentences a defendant for a felony offense,

>    shall be guided by the overriding purposes of felony sentencing: * * * to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A).

**{¶ 16}** When considering the appropriate sentence, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the

7.

public, or both." *Id.* The sentence must be reasonably calculated to achieve those purposes "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 17} To comply with the principles and purposes of sentencing set forth in R.C. 2929.11, the trial court must consider the seriousness and recidivism factors contained in R.C. 2929.12. To that end, we have previously explained,

> R.C. 2929.12 is a guidance statute. It sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes. While the phrase "shall consider" is used throughout R.C. 2929.12, the sentencing court is not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required. Merely stating that the court considered the statutory factors is enough.

*State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 11 (6th Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38 and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

8.

**{¶ 18}** At sentencing, the trial court stated that it had considered the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors in R.C. 2929.12. This sentiment was echoed in the sentencing entry, which provides: "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12." As noted above, the trial court's statement that it considered the sentencing statutes is sufficient to pass muster under Ohio law. *Brimacombe* at ¶ 11.

**{¶ 19}** Appellant contends that the court should have imposed a lesser sentence because he had no juvenile record and only one misdemeanor as an adult. Further, appellant maintains, as he did at sentencing, that he "did not know the reality of the situation that had transpired in front of him. He reacted in a way that was seemingly reasonable. He saw his uncle being attacked, choked. He came to his [uncle's] rescue, or what he thought was his rescue." Ultimately, appellant advances what seems to be a defense of others argument, and urges that he is not a violent offender, but is instead a young man who thought he was doing the right thing in protecting his uncle. Thus, appellant argues, the prison sanction imposed by the trial court does not match his character and the facts of this case.

**{¶ 20}** Appellant's claim of naiveté with respect to the underlying robbery scheme was articulated to the court at sentencing. The court clearly considered this argument,

9.

and responded to the argument by noting its compassion for appellant. However, the court explained that "the factors I have to consider are the same," and noted the seriousness of the offenses. The court then noted the serious harm done to the victim in this case as a result of appellant's actions.

{¶ 21} Given the nature of the offenses in this case, and in light of the trial court's express consideration of the principles and purposes of sentencing under R.C. 2929.11, as well as the sentencing factors under R.C. 2929.12, the trial court's sentence, which was within the applicable statutory range under R.C. 2929.14, is not contrary to law. Accordingly, appellant's assignments of error are not well-taken.

### III. Conclusion

{¶ 22} In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                        JUDGE

Christine E. Mayle, P.J.     _____

Gene A. Zmuda, J.          JUDGE
CONCUR.

                   _____
                        JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.